# JOHN EMMELUTH *v.* JOHN COOK.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED OCTOBER 3, 1895.          DECIDED OCTOBER 14, 1895.

JUDD, C.J., FREAR, J., AND CIRCUIT JUDGE WHITING, IN PLACE
OF BICKERTON, J., ABSENT FROM ILLNESS.

A pledgor of a benefit certificate, of the nature of a life insurance
policy, in the absence of an agreement to the contrary, impliedly
undertakes to keep the certificate alive so long as it remains as
security, and if he fails to pay the assessments as they become
due the pledgee may do so and recover the amounts so paid from
the pledgor in assumpsit, even though the payments were made
by the pledgee after a repudiation of responsibility by the pledgor.

OPINION OF THE COURT BY FREAR, J.

In January, 1892, the defendant, being unable to meet the
assessments payable upon the benefit certificates of himself
and his wife as companions of the American Legion of Honor,
delivered the certificates to the plaintiff as security for advances
to be made by the plaintiff to pay such assessments, the advances
to bear interest at the rate of nine per cent. per annum.    This
action of assumpsit is brought to recover the advances so made
from February 1, 1892, to January 3, 1895, amounting to
$1014.00 and $142.11 interest.

The defendant claimed that he was not personally liable,
that he did not promise to reimburse the plaintiff, but that the
latter was to pay the assessments, if at all, solely on his own
responsibility, and look for reimbursement only to the moneys
payable on the certificates upon the death of the defendant or
his wife respectively, the certificates being somewhat of the

nature of life insurance policies.    He also claimed that, whatever may have been the agreement prior to September, 1894, he was in no way liable for payments made thereafter, as he had at that time repudiated all responsibility in the matter.

The jury, however, in finding for the plaintiff for the full amount of the claim, must have found, in view of the evidence and the instructions of the Court, that all assessments paid by the plaintiff up to September, 1894, were paid by him at the request of the defendant and upon the promise of the defendant to reimburse him as soon as he, the defendant, should be able to do so; that the defendant was able to do so, he having become entitled to a legacy of several times the amount of the claim; and that the certificates were held by the plaintiff as security for the repayment of the advances.

The only question to be considered on the exceptions is whether the jury were correctly charged in substance that upon these facts the law would imply a promise on the part of the defendant to repay assessments advanced even after notice to discontinue them, if it were necessary for the plaintiff to pay them in order to preserve his security for the prior payments.

It is well settled that where one is obliged to pay for his own protection what it is the duty of another to pay, the law implies both a request to pay and a promise to reimburse.    It must be taken as a fact in this case that the plaintiff was obliged to make the subsequent payments in order to preserve his security for the prior payments, for the certificates would become void if the assessments were not paid.    Was it, however, the duty of the defendant to keep the certificate or policy alive until he had paid to the plaintiff the amount of the debt for which the certificate was pledged as security?    This question is not without difficulty, but it seems to us upon general principles that, in the absence of an agreement to the contrary, when one pledges a security of this nature, he impliedly undertakes to keep it alive for the benefit of the pledgee so long as it remains as security for his debt, and that therefore, upon his default, the pledgee is entitled to do what he, the pledgor,

should have done and to look to him for reimbursement. This seems to be the law elsewhere in the case of pledges or ordinary policies of insurance so far as can be judged from references in text books to cases which are not in our library. See, for instance, Biddle on Ins., Secs. 328, 329, and 18 Am. & Eng. Enc. 658, Note 4. And the reason would seem to be stronger in cases of benefit certificates of the kind in question which possess no cash or paid up value upon surrender.

The other questions raised by the bill of exceptions were abandoned.

The exceptions are overruled.

*Carter & Kinney* and *S. M. Ballou,* for plaintiff.

*J. A. Magoon* and *Paul Neumann,* for defendant.